UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
UNITED STATES OF AMERICA              :
                                      :   CONSENT PRELIMINARY ORDER
        - v. -                        :   OF FORFEITURE/
                                      :   MONEY JUDGMENT
BENTLEY GERALD HATCHETT,               :
    a/k/a "Bentley Hatchet,"           :   13 Cr. 634 (LTS)
    a/k/a "Debbie,"                    :
    a/k/a "Dreamer,"                   :
                                      :
        Defendant.                     :
------------------------------------- X

       WHEREAS, on or about August 15, 2013, BENTLEY GERALD HATCHETT (the "Defendant"), was charged in a one-count Indictment, 13 Cr. 634 (LTS) (the "Indictment"), with narcotics conspiracy from in or about 2008 up to an including in or about January 2010, in violation of Title 21, United States Code, Section 846 (Count One);

       WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, in any manner or part to commit, and to facilitate the commission of the offense charged in Count One of the Indictment;

       WHEREAS, on or about April 16, 2021, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all property, real or personal, constituting or derived from any proceeds the Defendant obtained directly or indirectly as a result of the offense charged in Count One of the Indictment, and any and all property used

and intended to be used in any manner or part to commit, and facilitate the commission of, the offense charged in Count One of the Indictment to which the Defendant pled guilty;

WHEREAS, on or about December 17, 2008, the Sonoma County Sheriff seized $112,680.00 in United States currency from the Defendant's vehicle in Geyserville, California ("Seized Currency") and turned the Seized Currency over to the U.S. Drug Enforcement Administration (the "DEA") for forfeiture pursuant to Title 21, United States Code, Section 881;

WHEREAS, on or about July 2, 2009, the DEA entered a Declaration of Administrative Forfeiture, forfeiting the Seized Currency to the United States;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $130,000 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, except for the Seized Currency, cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney, Brett M. Kalikow of counsel, and the Defendant, and his counsel, Barry S. Zone, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $130,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in

Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. The Seized Currency shall be applied towards the satisfaction of the Money Judgment.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, BENTLEY GERALD HATCHETT, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code, Section 853, United States Marshals Service, or its designee the Office of Fines, Penalties, and Forfeiture, shall be authorized to deposit the payment on the Money Judgment in the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

7. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

        8.      The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[THIS SPACE LEFT INTENTIONALLY BLANK]

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____          8/17/21
    Brett M. Kalikow                    DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2220


BENTLEY GERALD HATCHETT

By: _____          8-23-21
    BENTLEY GERALD HATCHETT             DATE

By: _____          8-23-21
    Barry S. Zone, Esq.                 DATE
    Attorney for Defendant
    Moses & Singer LLP
    405 Lexington Avenue
    New York, New York 10174


SO ORDERED:


   /s/ Laura Taylor Swain               8/23/2021
_____       _____
HONORABLE LAURA TAYLOR SWAIN            DATE
UNITED STATES DISTRICT JUDGE